NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAUL RIVAS PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.  19-71617

Agency No. A077-101-569

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2021[**]
San Francisco, California

Before:  WALLACE, NGUYEN, and COLLINS, Circuit Judges.

Petitioner Raul Rivas Perez, a native and citizen of Mexico, seeks review of

the decision of the Board of Immigration Appeals (Board or BIA) affirming the

Immigration Judge's (IJ) denial of his applications for withholding of removal and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture (CAT) based on an adverse credibility determination.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252 to review final orders of removal.  "We review factual findings, including adverse credibility determinations, for substantial evidence."  *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).  "Factual findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Id.*, *quoting* 8 U.S.C. § 1252(b)(4)(B).  "When the BIA conducts its own review of the evidence and law . . . , our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted."  *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation and quotation marks omitted).  We deny the petition.

Rivas Perez testified that he was kidnapped by six men and held captive for approximately two months.  In his written declaration, Rivas Perez stated that his captors shot him twice in the arm on the second night of his captivity and placed a bag over his head multiple times to suffocate him.  During direct examination, Rivas Perez testified that, after being beaten in the course of his abduction, he did not suffer further physical harm during his captivity, including suffocation.  He

---

[1] The Board also affirmed the IJ's denial of Rivas Perez's application for asylum based on the determination that he is ineligible for asylum because of a prior conviction for an aggravated felony.  8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i). Rivas Perez does not challenge that decision on appeal.

also testified that when his captors released him, they threw him, he heard "buck, buck, buck," and his arm was subsequently injured.

Rivas Perez had opportunities during cross and redirect examination to explain the discrepancy between his written declaration and testimony with respect to the alleged suffocation. He provided various explanations including that he did not hear the question, did not understand it, and had not been given a chance to explain. The IJ also asked why Rivas Perez stated in his written declaration that he was shot on the second day of his captivity but testified that his arm was injured when he was released. Rivas Perez stated that he understood the question but did not have an answer.

In affirming the IJ's adverse credibility determination, the Board relied on the IJ's finding that there were "significant" discrepancies between Rivas Perez's written declaration that he was shot twice in the arm and suffocated during his captivity, and his testimony that he was not harmed during his captivity after an initial beating. The Board concluded that "being shot and having a bag placed over your head are not aspects of a past persecution claim that would be inadvertently omitted or overlooked."

Inconsistencies between a petitioner's oral and written statements can serve as the basis for an adverse credibility determination. *Silva-Pereira v. Lynch*, 827

F.3d 1176, 1185 (9th Cir. 2016), *citing* 8 U.S.C. § 1158(b)(1)(B)(iii).  Under the REAL ID Act, "[a]lthough inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."  *Shrestha*, 590 F.3d at 1046–47.  The discrepancies between Rivas Perez's written declaration and testimony are significant and go to the heart of his claims of persecution and torture.  Rivas Perez had multiple opportunities to explain the discrepancy regarding the alleged suffocation but provided unpersuasive answers.  With respect to the alleged shooting, Rivas Perez's testimony changed the timing of the shooting by two months as well as its circumstances.  Accordingly, the record does not compel the conclusion that the adverse credibility determination was erroneous.

Moreover, the Board did not abuse its discretion in declining to remand the case based on Rivas Perez's argument that, even if he did not credibly establish past persecution, he faced future persecution for being a landowner in Mexico. The Board correctly concluded that a remand was unwarranted because Rivas Perez testified that he only cultivated his relatives' land and there was no evidence that Rivas Perez was a landowner in Mexico.

Lastly, substantial evidence supports the Board's rejection of Rivas Perez's CAT claim on the grounds that, in addition to failing to demonstrate past torture

4

credibly, Rivas Perez failed to show a likelihood of future torture. As the Board explained, Rivas Perez "adduced insufficient evidence" to show either that the Mexican government would acquiesce in any future mistreatment he might encounter or that he could not safely relocate to another part of Mexico.

The petition for review is **DENIED**.